### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
------------------------------ x
PRADEEP B. GUPTE,               :
                                :
        Plaintiff,              :
                                :
v.                              :
                                :
KIMBERLY DAVIS, CLARE SALERNO,  :   Civil No. 3:21-cv-880 (AWT)
and NEWINGTON BOARD OF          :
EDUCATION,                      :
                                :
        Defendants.             :
                                :
------------------------------ x
```

### RULING ON MOTION FOR SUMMARY JUDGMNENT

The pro se plaintiff, Pradeep Gupte, brings suit against defendants Kimberly Davis, Director of Talent Management for Newington Public Schools; Clare Salerno, Assistant Director of Student Services for Newington Public Schools; and the Newington Board of Education. In his Amended Complaint, the plaintiff claims that the defendants demoted him from his previous position as a paraeducator and subsequently terminated his employment because of his national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e, et seq.; because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; and because of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. The plaintiff also claims that the defendants discriminated

-1-

against him in violation 42 U.S.C. §§ 1981 and 1983, and that their conduct violated 18 U.S.C. § 1519.

For the reasons set forth below, the defendants' motion for summary judgment is being granted.

I.   **FACTUAL BACKGROUND**

The plaintiff claims that defendant Kimberly Davis demoted him from a full-time position as a paraeducator with the Newington Public Schools to a part-time position as a daily substitute teacher. He also claims that Davis subsequently wrongfully terminated him from the substitute teacher position. The plaintiff claims that defendant Clare Salerno improperly deleted his name from the online management system for substitute teacher assignments and that defendant Davis engaged in conduct that constituted a "cover up." The plaintiff claims that both of these defendants took these actions against him because of his national origin, age, and disability.

On December 8, 2020, the plaintiff wrote an email to Cindy Campbell, Davis' administrative assistant, with the subject line "substitute teacher."  The email stated: "Good morning, I am working as a paraeducator in NPS. Is it possible for you to make me a substitute teacher part[-]time/full[-]time in our school system? Thank you for your consideration." Campbell forwarded that email to Davis, who contacted the plaintiff to arrange to meet with him. Subsequently, the plaintiff received a December

9, 2020 letter from the Assistant Superintendent of Schools stating: "This letter will confirm your transfer from your current Paraeducator position at Newington High School to a daily substitute effective Monday, December 14, 2020. If you have any questions, please contact my office at (860)665-8630." Defs.' Local Rule 56(a)1 Statement (ECF No. 67-1) Exh. A2 at 10. Thus, the plaintiff has failed to create a genuine issue of material fact as to whether the defendants demoted him from his position as a paraeducator.

On March 22, 2021, the plaintiff initiated a lawsuit against defendant Davis in Connecticut Superior Court. See Pradeep Gupte v. Kimberly Davis, UWY-CV21-5027858-S (Conn. Super. Ct. 2021). The plaintiff stated that he was suing Davis for the following reasons:

> I was unjust[ifiably] terminated by Newington Public
> Schools. Kim Davis (HR-Director) falsified the documents
> (copy attached). All other information is enclosed[.] I
> worked in that school system since about Nov 4, 2020.
> Kim Davis falsified the documents (for coverup) which is
> in violation of US fed code 18 U.S. Code § 1519.

Defs.' Local Rule 56(a)1 Statement (ECF No. 67-3) Exh. C1 at 3. With respect to the attached copy of "falsified" documents, the plaintiff wrote: "Falsified document by Kim Davis. I did[]not work on Dec 17, 2020. I am a 'per-diem' employee. I don't get vacation-pay either. Clare Salerno deleted my name 3 times from 'Aesop document' [and] that is why Kim Davis falsified the

document [and] paid me for [one] day." Id. at 5.

A trial was held in Superior Court on June 4, 2021, after which the court entered judgment in favor of Davis. In the Order rendering judgment in favor of Davis, the court stated:

> The plaintiff asserts that the defendant, Kimberly Davis, wrongfully terminated his employment as a "per diem" employee for the Newington school system, and that the defendant falsified certain documents in violation of 18 U.S.C.[ ] § 1519. . . . The plaintiff also claims that in terminating his employment, the defendant discriminated against the plaintiff based on his national origin and/or heritage.

Defs.' Local Rule 56(a)1 Statement (ECF No. 67-3) Exh. C2 at 11-12.

The court found that "[a]t the hearing that took place . . . on June 4, 2021, Ms. Davis appeared and testified credibly that she terminated the plaintiff for the reasons set forth in her letter to the plaintiff dated January 12, 2021." Id. at 11. The court quoted extensively from that letter, as follows:

> This letter is a follow up to the phone conversation that we had on Monday, January 11, 2021. [I] explained to you that after you had accepted substitute assignments in three different buildings I was contacted by administration who shared the following:
>
> 1. Tuesday, January 5, 2021 – Mr. Gupt[e] accepted a half day assignment (3.5 hours) at John Wallace Middle School. The principal Mr. Dias informed me that upon arrival Mr. Gupte looked disheveled and asked where he could put his lunch. The office tried to explain that there was no lunch time during this short assignment but "he didn't seem to listen." He was assigned to the STEM Teacher Mrs. Brinker's room. Mrs. Brinker told Mr. Dias that Mr. Gupte was a distraction during class as he constantly interrupted her and brought up things that

just did not pertain to the lesson or the students' level of understanding. At one point, he took a 30 minute lunch in one o[f] the conference rooms. Principal Dias explained he did not feel comfortable nor confident about having Mr. Gupt[e] as a building substitute and asked that he be taken off the substitute list for his building.

2. Thursday, January 7, 2021 – Mr. Gupte accepted a full day assignment at Newington High School. Throughout the day there seemed to be a lot of confusion around his assignment that caused frustration among building staff. It was also communicated that Mr. Gupte was not wearing his mask appropriately or completely and had to be reminded throughout the day to adjust it. At the end of the day, the secretary called and asked to remove him from their building substitute list.

3. Friday, January 8, 2021 – Mr. Gupte accepted a full day assignment at Anna Reynolds Elementary School. The principal Mr. Smith informed me that he told Mr. Gupte to go home early because he seemed to be having a hard time understanding the assignment which was to provide coverage for scheduled PPT meetings. Additionally, staff had complained that Mr. Gupte was not wearing his mask appropriately and seemed disheveled. Mr. Smith also informed me that he did not think Mr. Gupte was a good fit at the elementary level and wanted him taken off the substitute list for his building.

Id. at 11-12.

The court found that "Ms. Davis also explained how and why the computer screen shots the plaintiff claims reflect false information are accurate." Id. at 12. The Order concludes:

Based on the testimony and evidence submitted by the parties, the court concludes that the plaintiff failed to sustain his burden of proving that the defendant unlawfully terminated the plaintiff's employment or discriminated against him. The court also concludes that the defendant did not falsify any information in violation of 18 U.S.C.[] § 1519.

Id.

## II.  LEGAL STANDARD

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

When ruling on a motion for summary judgment, the court must respect the province of the jury. The court, therefore, may not try issues of fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Heyman v. Commerce of Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975). It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." Anderson, 477 U.S. at 255. Thus, the trial court's task is "carefully limited to discerning whether there are any

genuine issues of material fact to be tried, not deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." <u>Gallo</u>, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." <u>Id.</u>

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant . . . and draw all reasonable inferences in its favor." <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000) (quoting <u>Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.</u>, 902 F.2d 174, 177 (2d Cir. 1990)).

Because the plaintiff in this case is proceeding <u>pro se</u>, the court must read the plaintiff's pleadings and other documents liberally and construe them in a manner most favorable to the plaintiff.  See <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994).  Moreover, because the process of summary judgment

is "not obvious to a layman," <u>Vital v. Interfaith Medical Ctr.</u>, 168 F.3d 615, 620 (2d Cir. 1999), the district court must ensure that a <u>pro se</u> plaintiff understands the nature, consequences, and obligations of summary judgment. <u>See id.</u> at 620-621.  Thus, the district court may itself notify the <u>pro se</u> plaintiff as to the nature of summary judgment; the court may find that the opposing party's memoranda in support of summary judgment provide adequate notice; or the court may determine, based on thorough review of the record, that the <u>pro se</u> plaintiff understands the nature, consequences, and obligations of summary judgment. <u>See id.</u>

The court finds that the plaintiff understands the nature, consequences, and obligations of summary judgement. First, the defendants served the plaintiff with the notice to <u>pro se</u> litigants required by Local Rule 56(b). Second, the defendants' memorandum states the nature and consequences of summary judgment. Third, the plaintiff submitted a response to the defendants' motion that included documents that he viewed as proving his claim. Finally, the court held oral argument on the motion for summary judgment on October 21, 2022. During that hearing, the plaintiff specifically addressed the argument in the motion for summary judgment with respect to exhaustion of administrative remedies. He also raised a new argument, i.e. that he did not receive a <u>Loudermill</u> hearing, which was

-8-

unavailing because he did not have a protected property interest in his position. Most significantly, however, the court specifically highlighted the issue of res judicata and asked the pro se plaintiff for his position with respect to the defendants' contention that the instant lawsuit is the same one he had brought in Connecticut Superior Court, except for the addition of two defendants. The plaintiff's response, in substance, was that he could not remember whether it was or not.

### III. DISCUSSION

As discussed above, the Amended Complaint contains five claims against the defendants. The defendants move for summary judgment on the grounds that (1) the plaintiff failed to exhaust his administrative remedies with respect to the Title VII, ADEA, and ADA claims; (2) the plaintiff's claims are barred under the doctrines of res judicata and collateral estoppel; (3) the plaintiff cannot establish a prima facie case with respect to his claims pursuant to 42 U.S.C. §§ 1981 and 1983; (4) 18 U.S.C. § 1519 does not give rise to a private cause of action; and (5) defendants Kimberly Davis and Clare Salerno cannot be individually liable under Title VII, the ADEA and the ADA.

The court agrees that the plaintiff's discrimination claims are barred under the doctrine of res judicata. The court also agrees that 18 U.S.C. § 1519 does not provide for private cause of action. Consequently, the court does not reach the

defendants' other arguments.

"Res judicata bars re-litigation if '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.'" Soules v. Connecticut Dep't of Emergency Servs. & Pub. Prot., 882 F.3d 52, 55 (2d Cir. 2018) (quoting Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000)).

As to the first element, the Connecticut Superior Court judgment was an adjudication on the merits for the purposes of res judicata. "Adjudication on the merits has a well settled meaning: a decision finally resolving the parties' claims . . . that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001) (internal quotation marks and citations omitted). Here, the Connecticut Superior Court entered judgment in favor of Davis after a trial on the merits.

The second element is satisfied because the plaintiff himself filed the prior action in Connecticut Superior Court.

The third element requires that the claims asserted in the present action were, or could have been, raised in the plaintiff's prior action in Connecticut Superior Court.

As to third element, we consider whether the second lawsuit concerns "the same claim – or nucleus of operative facts – as the first suit;" applying three considerations: "(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations."

Soules, 882 F.3d at 55 (quoting Channer v. Dep't of Homeland Sec., 527 F.3d 275, 280 (2d Cir. 2008)). "Res judicata 'is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event.'" Soules, 882 F.3d at 55 (quoting N. Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 88 (2d Cir. 2000) (internal citation omitted)).

The underlying facts in the present action and in the Connecticut Superior Court action are related in time, space, origin, and motivation. Both cases arise out of the termination of the plaintiff's employment on January 11, 2021 and the key question in each case is whether the reasons given by Davis in her January 12, 2021 letter were a pretext for discrimination. In the prior action, the plaintiff claimed that those reasons were a pretext for discrimination on the basis of his national origin and/or heritage. In the instant action, the plaintiff contends that those reasons were a pretext for discrimination on the basis of not only his national origin and/or heritage, but also on the basis of age, disability, and race. Thus, the

question of the decisionmakers' motivation in terminating the plaintiff's employment is at the heart of both cases. Although the plaintiff adds Salerno and the Newington Board of Education as defendants in this case, the assessment of Salerno's conduct was a significant part of the litigation in Connecticut Superior Court. In his complaint there, the plaintiff specifically referenced conduct by Salerno, and the Superior Court specifically found, that the plaintiff's contention that the computer screen shots reflect false information lacks merit. The Newington Board of Education also has been added as a defendant in this case; while it was not a defendant in the prior action, Davis was at all times acting as a duly authorized agent of the Newington Board of Education, namely the Director of Talent Management for the Newington Public Schools.

Because the prior action and the present action arise from the same alleged conduct, and the same witnesses and evidence would be involved, the underlying facts would have formed a convenient trial unit. See Waldman v. Village Of Kiryas Joel, 207 F.3d 105 112 (citing Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997)). Also, treating this single set of facts as a unit would conform to the parties' expectations. Consequently, the employment discrimination claims in the present action involve the same nucleus of operative facts as those in the plaintiff's prior action in Connecticut

Superior Court, and the plaintiff could have raised all of his claims here in that prior action.

The plaintiff asserted claims pursuant to 18 U.S.C. § 1519 in the prior action and also does so in this case. "[I]f state preclusion law includes [the] requirement of prior jurisdictional competency, which is generally true, a state judgment will not have claim preclusive effect on a cause of action within the exclusive jurisdiction of the federal courts." Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist., 31 F.3d 89, 98 (2d Cir. 1994) (quoting Maresse v. Am. Acad. Of Orthopaedic Surgeons, 470 U.S. 373, 382 (1985)) (internal quotation marks omitted).

Here, 18 U.S.C. § 1519 is a federal criminal statute and therefore does not fall within the subject matter jurisdiction of state courts. See United States v. Balde, 943 F.3d 73, 88 (2d Cir. 2019) ("Congress has granted the district courts jurisdiction over federal criminal prosecutions in 18 U.S.C. § 3231. That statute provides that the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.") (internal quotation marks and citations omitted).

Therefore, the plaintiff's claim based on 18 U.S.C. § 1519 is not barred by res judicata. However, the defendants' motion

must nonetheless be granted because 18 U.S.C. § 1519 does not provide for a private cause of action. See Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994) ("To the extent that Appellants assert claims based on the violation of criminal statutes, . . . these claims are not cognizable, as federal criminal statutes do not provide private causes of action.").

Therefore, all of the plaintiff's claims, except the claim based on 18 U.S.C. § 1519, are barred by res judicata. The defendants are entitled to judgment as a matter of law with respect to the claim based on 18 U.S.C. § 1519 because that statute does not provide for a private cause of action.

## IV.  CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment (ECF no. 65) is hereby GRANTED.

The Clerk shall enter judgment in favor of the defendants on all of the plaintiff's claims and close this case.

It is so ordered.

Dated this 23rd day of January 2023, at Hartford, Connecticut.

```
                        /s/AWT
                  Alvin W. Thompson
              United States District Judge
```